

# The Attorney General of Texas

July 25, 1984

**JIM MATTOX**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1001 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Mr. Charles E. Nemir
Executive Director
Texas Department of Water Resources
P. O. Box 13087, Capitol Station
Austin, Texas    787.1

Opinion No. JM-181

Re:   Validity of agreement
between the city of Denison
and   the   Greater   Texoma
Utility Authority

Dear Mr. Nemir:

You ask whether the Greater Texoma Utility Authority [hereinafter the Authority] may contract with the city of Denison to acknowledge Denison's exclusive right to provide water service to certain geographical areas of Grayson County. Certain of these areas comprise service areas of the Authority. In effect, you inquire as to whether the Authority may bind itself to provide service within these areas only with the consent of the city of Denison.

The Greater Texoma Utility Authority was created by the Sixty-sixth Legislature, Acts 1979, chapter 97. The Authority is a conservation and reclamation district pursuant to article XVI, section 59 of the Texas Constitution. Initially, the jurisdiction of the Authority included only the cities of Denison and Sherman. However, additional areas have been annexed by the Authority. In 1983, the city of Denison requested that the Authority formally agree not to provide water service to certain areas of Grayson County served by the city of Denison.

In Banker v. Jefferson County Water Control and Improvement District No. One, 277 S.W.2d 130 (Tex. Civ. App. – Beaumont 1955, writ ref'd n.r.e.), the court held that a water district created pursuant to article XVI, section 59 is vested with certain governmental functions. Among these functions is the duty to determine the persons to whom and the conditions upon which any water owned by the district is sold. The court held that such governmental functions are in the nature of police powers and that:

> The police power of a government or of a governmental agency can never be abdicated or bargained away, and is inalienable even by express grant.

Id. at 134.

The attempt of the Authority to bargain away its governmental duty to the city of Denison is in direct conflict with <u>Banker</u> and is therefore unenforceable. However, such a contractual provision is unnecessary in the present situation.

Both the city of Denison and the Authority are regulated by article 1446c, V.T.C.S., the Public Utility Regulatory Act (PURA) as retail public utilities. Section 49(a) of PURA provides:

> 'Retail public utility' means any person, corporation, water supply or sewer service corporation, municipality, political subdivision or agency, or cooperative corporation, now or hereafter operating, maintaining, or controlling in Texas facilities for providing retail utility service.

As such, section 50(2) of PURA requires both entities to obtain a certification of convenience and necessity for any area they seek to serve:

> Except as otherwise provided in this article no retail public utility may furnish, make available, render, or extend retail public utility service to any area to which retail utility service is being lawfully furnished by another retail public certificate of public convenience and necessity that includes the area in which the consuming facility is located.

As provided in section 50(2) of PURA, only one retail public utility may obtain a certificate of convenience and necessity for any given area. The city of Denison is certificated by the Public Utility Commission to provide water service within certain areas of Grayson County. The Authority therefore may not be certificated for that area. The result is that the Authority cannot nor need not bargain away a governmental right which it does not possess.

## S U M M A R Y

> The Greater Texoma Utility Authority may not contract with the city of Denison to acknowledge Denison's exclusive right to provide water service to certain geographical areas of Grayson County, some of which comprise service areas of the Authority, and bind itself to provide service therein only with the consent of the city of Denison.

Very truly yours,

J I M   M A T T O X
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

Prepared by Jerry Benedict
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
Jerry Benedict
David Brooks
Colin Carl
Susan Garrison
Jim Moellinger
Nancy Sutton